UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IS PRIME LIMITED,<br><br>        Plaintiff,<br><br>    v.<br><br>GLASSDOOR, INC.,<br><br>        Defendant. | Case No. 21-mc-80178-DMR<br><br>**ORDER ON EX PARTE APPLICATION FOR ISSUANCE OF AN ORDER UNDER 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Petitioner IS Prime Limited ("IS Prime") filed an ex parte application seeking permission to issue a subpoena pursuant to 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings. [Docket No. 1.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). Having considered the papers and the relevant legal authority, the court grants the application.

**I.   BACKGROUND**

IS Prime is a "full service over-the-counter spot foreign exchange ('FX' or 'Forex') brokerage and execution firm." [Docket No. 1-2 (Sitlani Decl., Jul. 15, 2021) ¶ 5.] It is an English company based in London. *Id*. at ¶ 14. In January 2017, IS Prime contracted "to provide exclusive liquidity services in Forex to a" brokerage doing business as Think Markets. A dispute between IS Prime and certain Think Market entities resulted in "the filing of litigation in England between them," which is ongoing. *Id*. at ¶ 6.

During the pendency of that litigation, IS Prime contends that a senior officer of the Think Markets group, Adil Siddiqui, "embarked upon a campaign to publicly harm IS Prime, and malign its reputation." *Id*. at ¶ 7. The alleged campaign included "a series of LinkedIn and Skype messages" to IS Prime's customers and business contacts that "were fraught with untruthful and malicious allegations about IS Prime." *Id*. IS Prime then filed a lawsuit against Siddiqui and TF

1  Global Markets (UK) Limited ("TFUK") in England for malicious falsehood (the "English
2  litigation"). *Id*. IS Prime's attorney in that litigation, Matthew Leverton, states that an action for
3  malicious falsehood under English law "is a rough equivalent of an action in the United States for
4  defamation." [Docket No. 1-1 (Leverton Decl., Jul. 14, 2021) ¶¶ 5, 6.] The English litigation "is
5  active and currently pending in the High Court of Justice, Queen's Bench Division in London."
6  *Id*. at ¶ 7.

7      After it filed the English litigation, IS Prime learned of two reviews about IS Prime that
8  had been posted on Glassdoor, an online platform that allows users to post employee reviews of
9  companies. Sitlani Decl. ¶ 10. The first review was posted on March 7, 2021 by an individual
10  who identified themselves as a "current employee, more than 5 years" and the "Head of Trading in
11  Grand Rapids, MI." It accuses IS Prime of 'malpractises" and states, "[t]he fx industry isnt [sic]
12  immune to scams but this is a sophisticated and well thought out plan that preys on vulnerable
13  brokers." *Id*. at ¶ 11, Ex. 1. The second review, posted on March 31, 2021 by a "former
14  employee, more than 3 years" identified as "Director in Grand Rapids, MI," states, "the concept of
15  deceit, dishonesty and misleading [sic] behaviours are paramount to how this firm carries out
16  business." It also states that "a senior individual . . . endorses tax-evasion." *Id*.

17      IS Prime's managing director, Raj Sitlani, assert that the allegations in the two reviews
18  "are without foundation and . . . are demonstrably untrue" and that they are "capable of causing
19  and indeed likely to cause serious financial loss to IS Prime." Sitlani Decl. ¶ 12. Sitlani also
20  contends that the reviews are "plainly fake," since both were posted by an individual or
21  individuals claiming to be in Grand Rapids, Michigan, and IS Prime "has no presence, directors or
22  employees in Michigan." *Id*. at ¶¶ 13, 14. Additionally, IS Prime does not have "Head of
23  Trading" position. *Id*. at ¶ 14.

24      According to Sitlani, IS Prime believes that the Glassdoor reviews were posted by
25  Siddiqui, TFUK, someone acting on their behalf, or another individual within the Think Markets
26  group. Sitlani states that the timing of the Glassdoor reviews is consistent with the timing of the
27  LinkedIn and Skype messages at issue in the English litigation, as is the language of the reviews.
28  *Id*. at ¶¶ 17, 18. IS Prime contends that it needs to identify the individual(s) that posted the

2

Glassdoor reviews in order to supplement and support the malicious falsehood allegations in the English litigation or to pursue other proceedings against them. *Id*. at ¶ 19; Leverton Decl. ¶ 14. Attorney Leverton states that "[t]he posting of fake and false Glassdoor reviews would be considered actionable conduct" under English law; specifically, "the conduct appears to amount to the common law tort of malicious falsehood[.]" Leverton Decl. ¶ 13.

IS Prime now seeks leave to issue a subpoena to Glassdoor for documents and information related to identifying the individual(s) who posted the March 2021 reviews about IS Prime. Appl. Ex. C (Proposed Subpoena).

## II. LEGAL STANDARD

IS Prime seeks discovery pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" (citation and quotations omitted)).

A district court is authorized to grant a section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a "foreign or international tribunal," and (3) the application is made by the foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246-47; *In re Republic of Ecuador*, No.

3

1  C-10-80255-CRB (EMC), 2010 WL 3702427, *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so." *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a Section 1782 request: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

## III. DISCUSSION

### A. Authority to Issue Subpoena

The court has reviewed IS Prime's application and determines that the statutory requirements of section 1782 have been satisfied. First, IS Prime has established that Glassdoor is located in Mill Valley, California, which is in this district. Leverton Decl. ¶¶ 17, 21. Second, the requested discovery is for use in the English litigation, which is a proceeding in a foreign tribunal. Should the requested discovery show wrongdoing by individuals other than Siddiqui, TFUK, or someone acting on behalf of them, IS Prime may use the evidence from Glassdoor to bring other proceedings against the posters. *Id*. at ¶ 14. The second factor is therefore satisfied, as "Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings." *Intel*, 542 U.S. at 259 (rejecting view "that § 1782 comes into play only when adjudicative proceedings are 'pending' or 'imminent;'" they need only be "within reasonable contemplation.").

Finally, IS Prime qualifies as an "interested person" because there is "[n]o doubt that litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256. IS Prime is the plaintiff in the English litigation, which makes it a litigant and clearly "interested persons" within the meaning of section 1782.

### B. Discretionary Factors

Having concluded that it has the authority to issue the subpoenas, the court turns to the question of whether the four discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoena.

With respect to the first discretionary factor, the Supreme Court has noted that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264 (internal quotations and citations omitted). Here, Glassdoor is not a party to the English litigation, and Leverton states that even if the reviewers are ultimately identified via the proposed subpoena, Glassdoor will not be a party to the English litigation. Leverton Decl. ¶ 22. This factor weighs in favor of the court granting leave to issue the subpoena.

The second factor examines the nature and receptivity of the foreign tribunal. IS Prime contends that the English court will be receptive to this court's assistance, citing a number of cases in which courts in the Ninth Circuit have granted Section 1782 applications related to English proceedings. Appl. 11 (citing cases); *see* Leverton Decl. ¶ 24. With respect to the third factor, there is nothing to suggest that IS Prime is attempting to circumvent foreign proof-gathering restrictions. Leverton states, "I am not aware of any restrictions imposed by, or any policies under English law, that would limit the proof or fact-gathering process in the manner proposed herein." Leverton Decl. ¶ 23. The second and third factors weigh in favor of granting the application.

The fourth factor examines whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). Here, the proposed subpoena requests four categories of

1    information and documents: 1) documents identifying or that could be used to identify the

2    individual(s) who posted the reviews; 2) correspondence and communications between Glassdoor

3    and such individual(s); 3) documents and data that may identify the location of the individual(s)

4    and/or the location of the individual(s) at the time the reviews were posted; and 4) documents and

5    data related to the categories of personal information collected by Glassdoor from users, including

6    job postings and profile information. Proposed Subpoena. This discovery is appropriately tailored

7    to documents and information identifying the individual(s) responsible for the postings.

8        These findings do not preclude Glassdoor from contesting the subpoena. The Ninth

9    Circuit has held that applications for subpoenas pursuant to section 1782 may be filed ex parte

10   because "[t]he witnesses can . . . raise[ ] objections and exercise[ ] their due process rights by

11   motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219

12   (9th Cir. 1976). Given the nature of the information sought by the subpoena, the court also finds

13   that the subpoena should contain a mechanism by which Glassdoor and the affected individual(s),

14   i.e., the individual(s) who posted the reviews about IS Prime, may contest the disclosure of their

15   personal identifying information pursuant to the subpoena. Accordingly, Glassdoor shall serve a

16   copy of the subpoena and a copy of this order on each individual associated with the two reviews

17   at issue within 30 days of the date of service on Glassdoor. Glassdoor may serve any such

18   individual(s) using any reasonable means, including written notice sent to their last known

19   address, transmitted either by first-class mail or via overnight service.

20       Glassdoor and each individual associated with the three usernames at issue shall have 30

21   calendar days from the date of service upon them to file any motions in this court to contest the

22   subpoena. If the 30-day period lapses without an individual contesting the subpoena, Glassdoor

23   shall have 10 days to produce to IS Prime the information responsive to the subpoena with respect

24   to that individual.

25   **IV.     CONCLUSION**

26       For the foregoing reasons, the court grants the application. IS Prime may serve a finalized

27   version of the subpoena attached to its application. Glassdoor and the individual(s) associated

28   with the two reviews at issue shall be permitted to contest the subpoena in accordance with the

6

1  procedure set forth above.  IS Prime must serve a copy of this order on Glassdoor at the same time
2  as the subpoena.
3  **IT IS SO ORDERED.**
4  Dated: December 13, 2021



Donna M. Ryu
United States Magistrate Judge

7